LUTTIG, Circuit Judge,
concurring:
It is plain that the facts in the instant case are materially indistinguishable from those in Gallagher v. Reliance Standard Life Ins. Co., 305 F.3d 264 (2002).
For instance, in this case, although Dr. Anthony described appellee as “disabled from even sedentary work,” J.A. 130, he did not set forth his definition of “disabled,” and it is impossible to tell whether his definition comported with the plan’s definition of total disability. Dr. Anthony also did not specify at what times or during which period appellee was disabled, and hence it is not possible to determine whether appellee suffered from the disability diagnosed by Dr. Anthony during the entire elimination period. Similarly, in Gallagher, several physicians testified that the plaintiff was disabled, but did not state that the definition of disability used was compatible with the plan’s definition of total disability. 305 F.3d at 273-74.
In the instant case, Dr. Darden, the orthopaedist, did not give a conclusion one way or the other as to whether appellee was totally disabled. He did conclude that appellee had some physical limitations, but stated that appellee could work for approximately six hours in a work day, as long as appropriate positional changes were made. J.A. 312 (concluding that appellee could work for one hour sitting, two standing, one walking, and two alternatively sitting and standing). Similarly, in Gallagher, one of the plaintiffs treating physicians concluded that the plaintiff could physically perform some of the material tasks of his job, even though the physician concluded otherwise as to other material tasks. 305 F.3d at 273.
Dr. Aiken, also, never concluded one way or the other that appellee was totally disabled. He, at best, confirmed that ap-pellee suffered from chronic back pain, and did note in 1996 that appellee’s back problems could, at some point in the future, act to disable appellee from gainful employment. J.A. 221. But he did not conclude that appellee was disabled, nor was evidence provided that the pain became noticeably worse beginning on August 28, 1998. Likewise, in Gallagher, the plaintiff argued that his back pain disabled him from performing the duties of his job. 305 F.3d at 274. But, he provided no evidence that the back pain became noticeably worse after the date of his alleged total disability (where, before such date, he performed some of his job duties). Id. at 274-75.
*634 Appellee’s vocational expert, Patrick Clifford, did submit an evaluation concluding that appellee was totally disabled under the definition of the plan. J.A. 92-95. But, Clifford did not specify that he was referring to appellee’s condition during the elimination period, and indeed appeared instead to be referring to appellee’s condition as of the time of his report (on or about June 23, 1999). This also mirrors the evidence presented in Gallagher, where the plaintiff presented a report from a vocational expert concluding that he was totally disabled under the definition used by the plan. 305 F.3d at 274 n. 10. But, the vocational expert did not provide any indication that he was referring to the plaintiffs condition during the elimination period. Id. Indeed, to make matters worse for appellee, Clifford relied extensively on the various physicians’ reports referenced above as the basis for his medical evaluation of appellee, J.A. 92-93, but as I noted above, these reports did not show or imply that appellee was totally disabled within the definition of the plan. By contrast, John Zurick, Reliance’s vocational expert, upon reviewing some of the medical evidence, deduced that appellee could perform at least on a part-time basis the various duties of his job.
In fact, I note that in several respects the plaintiff in Gallagher presented stronger evidence of his disability than appellee. For instance, the plaintiff in Gallagher was determined to be disabled by the Social Security Administrator, and was awarded Social Security benefits. 305 F.3d at 275. Appellee, by contrast, has not received an award of benefits from the Social Security Administration, and indeed the Disability Determination Service recommended that appellee be denied benefits. J.A. 665. And also, in the instant case, there is at least a dispute over whether appellee was actually at work during the elimination period, where it was apparently undisputed that the plaintiff in Gallagher did not work after his claimed date of total disability.
Notwithstanding the striking parallels between the facts in Gallagher and the facts in this case, I am comfortable with our disposition allowing the district court to consider whether appellee is entitled to an award of benefits under our precedent, given that Gallagher post-dated the district court’s decision.